CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

September 16, 2024
LAURA A. AUSTIN, CLERK
BY:
/s/T. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

RODETRICK LAMONT GODFREY,          )
     Plaintiff,          )          Civil Action Nos. 7:23-cv-00365
               )
v.          )
               )          By: Elizabeth K. Dillon
PAUL HAYMES, *et al.*,          )              Chief United States District Judge
     Defendants.          )

**MEMORANDUM OPINION**

Plaintiff Rodetrick Lamont Godfrey, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (Dkt. No. 1.)  His original complaint was severed into two actions, including this one, which relates events that occurred at Red Onion State Prison (ROSP).  (Dkt. No. 1-1 at 6.)  Plaintiff then filed an amended complaint (Dkt. No. 8), which defendants have moved to dismiss (Dkt. No. 19).  This motion will be granted.

I. BACKGROUND

**A.  Screening Order**

In an order dated June 22, 2023, the court construed the complaint filed by Godfrey in Civil Action No. 7:22-cv-607 as alleging three groups of claims, two of which related to events occurring at ROSP.  (Dkt. No. 1-1.)  The court severed that case into two actions and transferred one of them to the Eastern District of Virginia, as it related to events that occurred at Lawrenceville Correctional Center, which is in Brunswick County, within the boundaries of the Eastern District.  (*Id.*)

The two groups of claims that gave rise to this action, the case that remained here in the Western District of Virginia, were: (1) allegations that defendants John Doe 3 (Unit Manager at Red Onion), White, King, Fuller, and Haymes, who were at Red Onion, violated plaintiff's

Fourteenth Amendment right to due process by leaving him in segregation after another inmate

had "confessed to the crime" and for failing to give him a hearing or the right to question his

accuser (Dkt. No. 1-1 at 3); and (2) defendant McCowan violated plaintiff's Eighth Amendment

rights and committed the torts of negligence and intentional infliction of emotional distress by

"ordering the use of physical force against him without need or provocation and by failing to

prevent the misuse of force (*Id.*).

## B.  Amended Complaint

The defendants named in the amended complaint are Paul Haymes, Christopher King,

Shannon Fuller, Penny McCowan, Rick White, Larry Collins, and Robert Bivens.  Godfrey

alleges four claims in his amended complaint.  First, he alleges that defendants Collins, White,

King, Fuller, and Haynes violated due process by keeping him in segregation at Red Onion.

(Am. Compl. 15.)  This occurred upon plaintiff's transfer to Red Onion on April 10, 2022.  (*Id.*

5.)  Godfrey claims that after a few months in segregation, he learned that he was under

investigation for an escape attempt.  (*Id.* 12.)  He later learned that another inmate had confessed

to that crime while he was still in segregation.  (*Id.* 13.)  Godfrey does not make clear how long

he was housed in segregation, but he alleges that it was for more than 100 days.  (*Id.* 6.)  He

further alleges that he went on a hunger strike to "prove his innocence," missing a total of 17

meals over six days.  (*Id.* 12.)  He claims that he became "extremely depressed and had several

anxiety attacks," resulting in him being placed on several different medications.  (*Id.* 13.)  His

experience became even more traumatic because his only brother passed away while he was in

segregation, and he "never had a chance to say goodbye."  (*Id.* 14–15.)

Godfrey's second claim is that Bivens[1] violated due process by not ruling in favor of Godfrey on an administrative grievance appeal.  (Am. Compl. 15–16.)  Third, he alleges that McCowan violated the Eighth Amendment by using unnecessary physical force or failing to intervene to prevent the misuse of force.  (*Id.* 16.)  For instance, Godfrey alleges that McCowan ordered that plaintiff be "maced, assaulted, and strapped to a bed" during a psychiatric episode.  (Am. Comp. 6, 13, 15.)  Also, he asserts that McCowan ordered "the use of Physical force against the Plaintiff without need or provocation" or failed to "intervene to prevent the misuse of force."  (*Id.* 16.)  Godfrey does not allege when this incident or incidents occurred other than when he was in segregation at Red Onion.  (*Id.* 13.)  His final claim is that McCowan, White, Collins, Bivens, King, and Haymes committed the tort of intentional infliction of emotional distress in violation of the Fourteenth Amendment.  (*Id.*)

## II.  ANALYSIS

### A.  Motion to Dismiss

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most favorable to the plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555.  A plaintiff must "plausibly suggest an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).  "A

---

[1] The amended complaint refers to John Doe 4, who has been dismissed from this action, but defendants by their argument appear to concede that the amended complaint intends to name Bivens as the defendant to this claim.

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and

courts construe their pleadings liberally, no matter how "inartfully pleaded."  *Erickson v. Pardus*,

551 U.S. 89, 94 (2007).  Nonetheless, a *pro se* complaint must still meet the "minimum threshold

of plausibility" under *Twombly* and *Iqbal*.  *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-

23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023).  While *pro se* complaints "represent the

work of an untutored hand requiring special judicial solicitude," district courts are not required to

"conjure up questions never squarely presented to them" or to "construct full blown claims from

. . . fragments."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

**B.  Claim One: Due Process**

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing]

any person of life, liberty, or property, without due process of law." U.S. Const. amend. IV, 1.

For a prisoner to establish a due process violation based upon being housed in segregation or

solitary confinement, a plaintiff must satisfy a two-part test.  *Smith v. Collins*, 964 F.3d 266, 274

(4th Cir. 2020).  First, he must demonstrate that he had a protected liberty interest in avoiding

being housed in segregation or solitary confinement.  *Id.*  "To do so, he must be able to show two

things: first, that there is a basis for an interest or expectation in state regulations for avoiding

such confinement, and second, that the conditions impose[] atypical and significant hardship . . .

in relation to the ordinary incidents of prison life."  *Id.* at 275.  If the plaintiff demonstrates that

he had a protected liberty interest, he must establish that the defendant failed to provide

"minimally adequate process to protect that liberty interest."  *Id.*

As it is clear from the allegations of the complaint that Godfrey's time spent in segregation was short and temporary—he alleges that he was released after 100 days—Godfrey has failed to plausibly allege that the conditions of his confinement imposed an atypical and significant hardship. "Confinement in segregation by itself does not trigger due process protections." *Johnson v. Adams*, Civil Action NO. 7:22-cv-00341, 2022 WL 17477574, at *2 (W.D. Va. Dec. 6, 2022). Godfrey's allegations pertaining to the discomfort he experienced while in segregation, such as protesting by going on a hunger strike and his inability to say goodbye to his deceased brother, are not plausible allegations of such a hardship. It is "well established that a temporary assignment to segregated confinement—even six months or more, with reduced privileges, few out-of-cell activities or socialization opportunities, and heightened security measures—is *not* atypical or significant hardship." *Barbee v. Anderson*, Civil Action No. 7:19-cv-306, 2020 WL 1189938, at *5 (W.D. Va. Mar. 12, 2020) (collecting cases).

In his opposition brief, Godfrey argues that he has satisfied the elements of a false imprisonment claim. (Dkt. No. 28 at 3–4.) However, there is no cause of action under § 1983 for false imprisonment, and claims that a prisoner was wrongfully placed in segregation have been held not to state a claim under state law. *See Johnson v. Duty*, Civil Action No. 7:2l-cv-00635, 2022 WL 2397464, at *2 (W.D. Va. July 1, 2022).

Accordingly, the court will grant the motion to dismiss Godfrey's due process claim.

## C. Claim Two: Grievance Appeal

Godfrey's second claim relates to Bivens' actions in "failing to overturn plaintiff's grievance appeal after clearly seeing the plaintiff's rights were consistently being violated." (Am. Compl. 15–16.) Inmates "have no constitutional entitlement or due process interest in access to a grievance procedure," *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir.

5

2017), and for that reason, officials "are not liable under § 1983 for their responses to [an inmate's] grievances and/or complaints," *Walker v. Clarke*, Civil Action No. 7:19cv00743 (W.D. Va. Dec. 15, 2020).  Further, while "a prison official may be held liable under 42 U.S.C. § 1983 for failing to respond to violations of a prisoner's constitutional rights that come to his or her attention via the grievance process," *Scott v. Clarke*, 64 F. Supp. 3d 813, 842 (W.D. Va. 2014), Godfrey has failed to plausibly allege any violations of his constitutional rights.

Moreover, in his response brief, Godfrey states that he is not sure that Bivens is the correct defendant for this claim, and he agrees that the claim should be dismissed.  (Dkt. No. 28 at 4.)

Accordingly, the court will dismiss this claim pursuant to Rule 12(b)(6).

**D.  Claim Three: Excessive Force**

A prisoner's Eighth Amendment claim of use of excessive force involves both an objective and a subjective component.  *Brooks v. Johnson*, 924 F.3d 104, 112 (4th Cir. 2019). The objective component asks whether the plaintiff was exposed to an objectively "substantial risk of serious harm.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  This "is not a high bar, requiring only something more than '*de minimis*' force."  *Brooks*, 924 F.3d at 112.  The subjective component asks whether the officer "acted with a sufficiently culpable state of mind." *Id.*  In other words, did the officer recognize the risk but ignore it.  *Younger v. Crowder*, 79 F.4th 373, 382 (4th Cir. 2023).  This is a notably "demanding standard."  *Brooks*, 924 F.3d at 112.

Godfrey has not plausibly alleged that McCowan acted "maliciously and sadistically to cause harm," as opposed to acting in a "good faith effort to maintain or restore discipline," *Hudson v. McMillian*, 503 U.S. 1, 6 (1992).  His allegation that McCowan ordered him to be maced, assaulted, and strapped to a bed is insufficient to put McCowan on notice of the claim

against her because Godfrey does not contextualize the allegation, does not specify who was ordered to conduct the assault, and does not specify the date of the alleged assault. Godfrey argues that that his allegations should be deemed sufficient because the incident was recorded and can be reviewed to establish "exactly what role defendant McCowan played in the assault," (Dkt. No. 28 at 5). Godfrey, however, is required to plead sufficient facts to plausibly allege a violation of his rights by McCowan, and the fact that there may be proof that may establish a violation by McCowan is not enough to survive a motion to dismiss. Similarly, in terms of bystander liability, Godfrey's allegation that McCowan "failed to intervene to prevent the misuse of force" is insufficient to state such a claim as it does not specify what use of force McCowan failed to prevent. *See Randall v. Prince George's Cnty.*, 302 F.3d 188, 204 (4th Cir. 2002) (providing that bystander liability can be imposed if an officer (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act).

Accordingly, the court will dismiss this claim for failure to state a claim.

**E. Claim Four: Intentional Infliction of Emotional Distress**

Godfrey alleges that various defendants committed the tort of intentional infliction of emotional distress "by way of false imprisonment." (Am. Compl. 16.) He argues that he can state such a claim because defendants[2] knew that they did not have any evidence of his guilt or reason to keep him in segregation, but they refused to release him pending an investigation. (Dkt. No. 28 at 6.) However, as the court has noted above, allegations like those brought by Godfrey have been held insufficient to state a claim for false imprisonment under state law. *See Johnson v. Duty*, 2022 WL 2397464, at *2. Thus, it follows that they are insufficient to state an

---

[2] Plaintiff concedes that this claim can be dismissed as to Bivens. (Dkt. No. 28 at 5.)

intentional infliction of emotional distress claim, which is disfavored under Virginia law. *See SuperValu, Inc. v. Johnson*, 666 S.E.2d 335, 343 (Va. 2008). Godfrey's placement in temporary segregation is not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Doe v. Baker*, 857 S.E.2d 573, 589 (Va. 2021).

Godfrey has failed to state a claim for intentional infliction of emotional distress, and this claim will be dismissed.

III.  CONCLUSION

For these reasons, the court will issue an order granting defendants' motion to dismiss.

Entered: September 16, 2024.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
Chief United States District Judge